Filed 8/2/13  P. v. Serrano CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056828 |
| v. | (Super.Ct.No. FCH1200085) |
| ROBERT OLIVAS SERRANO III, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Stanford E. Reichert, Judge.  Affirmed.

Martin Kassman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

**STATEMENT OF THE CASE**

On February 7, 2012, a complaint charged defendant and appellant Robert Olivas Serrano III with one count of possession of marijuana for sale under Health and Safety Code section 11359. Defendant was arraigned two days later; he pled not guilty.

On June 13, 2012, defendant filed a motion to suppress evidence under Penal Code section 1538.5. The prosecution opposed the motion. On June 27, after hearing argument from both sides, the trial court denied the motion. After the motion was denied, the parties stipulated that the hearing on the motion would also serve as the preliminary hearing. The court then held defendant to answer on the charged offense, and an information charging the same count as the complaint was filed.

On the same date, June 27, 2012, defendant plead guilty to count 1 (Health & Saf. Code, § 11359), in exchange for the agreed-upon sentence of 60 days in county jail and three years' formal probation. The court found that defendant understood and had waived his constitutional rights, and that he had entered into the plea knowingly, intelligently, freely, and voluntarily. The parties stipulated that the preliminary hearing provided a sufficient factual basis for the plea.

On July 31, 2012, defendant filed a notice of appeal; it stated that the appeal was from an order or judgment, and the appeal was based on the denial of a motion to suppress evidence. On August 13, 2012, appellate counsel filed an amended notice of appeal; it added that the appeal was also based on other matters not affecting the validity of the plea.

At the sentencing hearing on September 26, 2012, the court ordered that "the pronouncement of judgment is withheld," and granted defendant three years' supervised probation with various terms and conditions, including serving 60 days in county jail, which defendant had already completed. The court also imposed various fines, fees, and assessments.

On November, 21, 2012, appellate counsel filed a second amended notice of appeal; it stated that (1) the appeal was from the order or judgment made on September 26, 2012; (2) the appeal was based on the denial of a motion to suppress evidence; and (3) the appeal challenged the validity of the plea. That notice of appeal also included a request for a certificate of probable cause. On December 11, 2012, the trial court granted the request for a certificate of probable cause.

## STATEMENT OF FACTS

On December 6, 2011, Officer Franks of the Chino Police Department was on patrol as a K-9 handler. He observed a vehicle turn southbound onto Monte Vista Avenue from Walnut Avenue. As he followed the vehicle, he noticed something wrong with the vehicle's taillight. He ran a registration check on the vehicle, which showed the vehicle's registration had expired the previous month. As the officer tried to catch up to the vehicle, the vehicle sped up. The officer believed the driver was trying to evade contact with him. The vehicle turned onto a side street quickly and accelerated. At that point, the officer caught up to the vehicle and executed a traffic stop.

3

There were two people in the vehicle: defendant (the driver) and a passenger. Officer Franks made contact with defendant. The officer asked defendant where he was going. Defendant "alluded to the fact that he was concerned that [the officer] may stop him because of his taillight." Officer Franks also asked defendant about the expired registration. Defendant stated that he had been late in paying the registration but had in fact paid it the previous week. The officer believed that defendant was "overly nervous" for a standard traffic stop. Moreover, defendant's speech was stuttered, and his movements were erratic. The officer also perceived an inconsistency between the route the vehicle had been taking and where defendant stated he was going.

Suspecting that "there may be something else further going on," Officer Franks conducted a records check on both defendant and his passenger; the officer also requested a backup officer. Once the backup officer arrived, Officer Franks had defendant exit the vehicle in order to speak with him further. Defendant then put his hands in the pockets of his sweatshirt. The officer asked defendant not to do that. The officer then noticed "what appeared to be a pocket knife in [defendant's] front pants pocket."

Officer Franks asked defendant if he could conduct a patdown search. Defendant stated that he was not on probation or parole, and did not want the officer to pat him down. Officer Franks told defendant that he wanted to make sure defendant had no weapons on him. The officer then retrieved the pocket knife from defendant's pocket and confirmed that there were no other weapons on his person.

Officer Franks also had the passenger exit the vehicle, and the officer searched him as well. The passenger had a plastic baggie containing what the officer believed to be marijuana. Officer Franks asked defendant for permission to search the vehicle. Defendant "motioned to go ahead and search."

Officer Franks used his certified police dog to sniff the exterior and interior of the vehicle. The dog showed a positive alert to the driver's door seam and glove box. These alerts signified the presence of an odor of a controlled substance. After unlocking the glove box, the officer found a plastic container with nine individually packaged baggies. Each bag contained about one gram of marijuana. Defendant told the officer that he intended to sell the baggies. However, defendant told the officer that he had given the passenger the individual bag found on him because he was defendant's friend.

**ANALYSIS**

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER

J.

We concur:

HOLLENHORST

Acting P. J.

RICHLI

J.